**In re Anna SCARBACI, Frank Scarbaci, Debtors.**

**FINANCE ONE OF FLORIDA, INC., Plaintiff,**

**v.**

**Anna SCARBACI, Frank Scarbaci, Defendants.**

**Bankruptcy No. 83–01310–BKC–SMW. Adv. No. 83–0769–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

Nov. 14, 1983.

---

Mary C. Breda, Fort Lauderdale, Fla., for plaintiff.

Howard P. Alterman, Pompano Beach, Fla., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court upon a Complaint Objecting to Discharge of the Debtor and to Determine the Dischargeability of Certain Debts and the Court, having heard the testimony and examined the evidence presented, observed the candor of the witnesses, considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

The debtors executed and delivered to the plaintiff a Promissory Note, Security Agreement and Uniform Commercial Code Financing Statement in which they gave the plaintiff a Security Interest in all their household goods.

The debtors subsequently sold a portion of the items which were listed as collateral in the above mentioned Security Agreement and Uniform Commercial Code Financing Statement. Plaintiff contends that this sale was a willing and knowing violation of the terms contained in the Security Agreement and was done with the intent to hinder, delay, or defraud a creditor of the estate.

The debtor argues, and the Court agrees, that the sale was done without any intent to hinder, delay, or defraud a creditor, but rather, was the result of the debtors' ignorance concerning the Security Agreements' prohibition against the sale of items listed as collateral.

In *Matter of Richmond,* 29 B.R. 555 at 558 (Bkrtcy.M.D.Fla.1983) the court stated that, "The primary purpose of bankruptcy law is to relieve the debtors' burden of indebtedness and provide him with a fresh start." Accordingly, at the trial of a Complaint Objecting To Discharge of the Debtor the objecting party has a burden of proving the facts essential to the objection. Bankruptcy Rule 4005; *Matter of Galbraith,* 17 B.R. 302 (Bkrtcy.M.D.Fla.1982). Similarly, Exceptions To Discharge are narrowly construed to meet the "fresh start" policy behind the Bankruptcy Code and the creditor must bear the burden of proving that the debt sought to be determined nondischargeable falls within one of the statutory Exceptions To Discharge. *Gleason v. Thaw,* 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915); *In re Cross,* 666 F.2d 873, 880 (5th Cir.1982); *Matter of Nappi,* 29 B.R. 233 (M.D.Fla.1983).

Based upon the evidence presented, the Court finds that the plaintiff has failed to sustain its burden of proof in regards to its Complaint Objecting to Discharge of the Debtor and to Determine the Dischargeabil-

ity of Certain Debts. The Court further finds that pursuant to Bankruptcy Code Sections 727 and 523 plaintiffs' Objection to Discharge of the Debtor and to Certain Debts is hereby denied.

A separate Final Judgment will be entered in accordance with these Findings of Fact and Conclusions of Law.